"WRight, J.,
delivered the opinion of the Court.
In this cause, we think the complainant, Dunn, has failed to establish a mechanic’s lien. Taking the pleadings and proof together, we are led to believe that he completed McKee’s dwelling in August, 1853, when the notes upon which he seeks to maintain his bill were executed; and that the work done in April, 1854, and spoken of by the witness, Murry, was merely to repair a leak in the roof of the building. If so, his lien was lost by lapse of time, long before he filed his bill. He does not pretend to base his lien upon any claim for these repairs; nor to inform us whether any thing was demanded on this account, or not. Rut from the record before us, we have little doubt the repairs, whatever they were, and they seem to have been very trivial in their character, were made without any further charge, either to save litigation with McKee, or because of a defect in the execution of the original contract. The bill, then, must be confined to the notes. It is plain he began the work in the month of March, or April, 1853; and the notes sued on for the final balance,' were executed in August, afterward. The conclusion is almost irresistible, that the work had then been done. If not, it is strange, indeed, that in a transaction, so easy of proof as this, complainant’s evidence should be so meager and unsatisfactory.
The Chancellor decreed against complainant, and we affirm his decree.